UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANNISA MILLER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-2737 |
| | § | |
| NATIONAL CREDIT SYSTEMS, INC., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for partial summary judgment filed by plaintiff Annissa Miller ("Miller"). Dkt. 14. Defendant National Credit Systems, Inc. ("NCS") responded. Dkt. 17. Miller replied. Dkt. 18. Having considered the motion, response, reply, record evidence, and applicable law, the court is of the opinion that the motion should be DENIED.

### I. BACKGROUND

This case arises out of the collection of a disputed debt under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Dkt. 14 at 1; Dkt. 17 at 9. Miller leased an apartment from the Pines of Woodforest ("Woodforest") from September 11, 2015, to September 30, 2016 ("TAA lease"). Dkt. 14-4 at 6. The lease included an addendum authorizing a monthly rent discount of sixty-five dollars. *Id.* at 14. Provision four of that addendum provides:

> Payment or repayment for early move out. If you move out or terminate your TAA Lease Contract early, in violation of the TAA Lease Contract, this addendum will be immediately terminated.
>
> You can fulfill your obligations for rent due under the TAA Lease Contract by immediately paying us for all remaining months of rent owed until the end of the TAA Lease Contract term. Rent owed would be based on market rent as stated in paragraph 6 of the TAA Lease Contract if a one-time concession was provided or the rent under paragraph 2 of this addendum if a discount was provided.

> If you fail to pay all of your obligations for the rent due under the TAA Lease Contract, as stated above, then you will be required to immediately repay us the amounts of all ☐ concessions and/or ☐ discounts (check those that apply) that you actually received from us for the months you resided in your dwelling, in addition to all other sums due under the TAA Lease Contract for a lease violation.

*Id.* (emphasis omitted)

On May 31, 2016, Miller moved out of her apartment. Dkt. 14 at 5. She declined to pay $837.14 in remaining rent. *Id.*; Dkt. 17 at 9. She also declined to repay $520 in discounted rent. *Id.* She denies owing the discounted rent. Dkt. 14 at 5.

On August 3, 2016, Woodforest referred Miller's account to NCS for collection. Dkt. 17 at 10. NCS tried to collect a balance of $1,357.14 from Miller. Dkt. 14 at 5.

She sued NCS for four alleged FDCPA violations. *Id.* at 6 (citing 15 U.S.C. §§ 1692f(1), 1692e(2)(a), 1692e(8), and 1692e(10)). Namely, she alleges that NCS: (1) tried to collect an amount not expressly authorized or owed under a written contract; (2) misrepresented the amount of the debt to her and to third party credit bureaus; (3) communicated, or threatened to communicate, with any person about credit information which it knew, or should have known, was false; and (4) used a false representation or deception to collect or attempt to collect the debt. *Id.* at 2. Now, she moves for partial summary judgment on those four claims. *Id.*

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material

fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

### III. ANALYSIS

Miller seeks partial summary judgment on four separate FDCPA violations. Dkt. 14. She contends that NCS tried to collect discounted rent that was not expressly authorized or owed. *Id.* at 5. NCS argues that Miller fails to establish the elements of each of her claims. Dkt. 17 at 14. In the alternative, NCS argues that even if she meets her initial burden, its bona fide error defense raises a genuine issue of material fact that precludes summary judgment. *Id.* at 19.

To prevail on her FDCPA claims, Miller must prove that: "(1) [she] has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector defined by FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Browne v. Portfolio Recovery Assocs., Inc.*, No. H-11-02869, 2013 WL 871966, at *4 (S.D. Tex. Mar. 7, 2013) (Miller, J.).[1]

Miller argues that she does not owe discounted rent under the addendum. Dkt. 14 at 6–9. She also argues that NCS knew or should have known that Miller did not owe the debt. *Id.* Thus, she argues, NCS violated the FDCPA by trying to collect an amount that she did not owe and by misrepresenting the amount of that alleged debt to her and to third party credit bureaus. *Id.* However, each claim requires proof that Miller did not owe the debt (the discounted rent). *See* 15

---

[1] The court need not address the first two prongs because Miller cannot meet her initial burden on the third.

U.S.C. §§ 1692f(1); 1692e(2)(a); 1692e(8); and 1692e(10). Miller fails to show an absence of a triable fact on whether she owed the discounted rent.

Miller argues that she did not owe the discounted rent. In support of her motion, she attaches the lease addendum. Dkt. 14-4 at 14. The addendum specifically authorizes a monthly rent discount of sixty-five dollars. *Id.* Within the document, provision four states that if a party fails to pay rent, she will be "required to immediately repay . . . the amounts of all concessions and/or discounts." *Id.* There are unchecked boxes in front of both "concessions" and "discounts." *Id.* Miller argues that because neither box was checked, she is "not required to pay back any discounts even if she did not meet all rent obligations." Dkt. 14 at 5.

NCS argues that the addendum terminated when Miller moved out before her lease ended. Dkt. 17 at 17–18. In support, NCS cites an earlier sentence within provision four that provides: "if you move out or terminate your . . . Contract early, in violation of the . . . Contract, this addendum will be immediately terminated." *Id.* (citing Dkt. 14-4 at 14).

The plain text of the addendum supports NCS' interpretation. Under provision four, the addendum "immediately terminated" when Miller moved out before her lease expired, in violation of the lease. Dkt. 14-4 at 14. She also declined to pay the remaining rent owed. Dkt. 14 at 4–5. As a result, she violated her lease and defaulted. Dkt. 14-4 at 6, 11, ¶32.1 ("[failure to] timely pay rent or other amounts you owe" and "abandon[ing] the apartment" qualifies as default). Further, because she defaulted, she needed to repay the rent discount. *Id.* at 11, ¶32.5 ("[the defaulting party] will pay us, in addition to other sums due, any amounts stated to be rental discounts or concessions agreed to in writing."). And, because the addendum terminated, Miller cannot rely on it to prove that the debt was invalid. Accordingly, she has not established an absence of a triable fact issue on whether

4

she owes the debt. As a result, she cannot show an absence of triable fact issue on whether NCS violated the FDCPA, either. Because Miller did not meet her initial burden, she is not entitled to summary judgment.

### IV. CONCLUSION

Miller's motion for summary judgment (Dkt. 14) is DENIED.

Signed at Houston, Texas on August 16, 2018.

_____
Gray H. Miller
United States District Judge